UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LAWRENCE SCHWEIGER,

        Petitioner,

                                   CASE NO. 2:07-CV-10176
v.                                HONORABLE VICTORIA A. ROBERTS

MILLICENT WARREN,

        Respondent.
                                  /

## OPINION AND ORDER SUMMARILY DENYING AND
## DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS

     This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner, Timothy Schweiger, a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan, alleges that he is being held in violation of his constitutional rights. For the reasons set forth below, the Court summarily denies and dismisses the petition for writ of habeas corpus.

I.

     Petitioner pleaded guilty to armed robbery, carrying a concealed weapon, and possession of a firearm during the commission of a felony in the Eaton County Circuit Court and was sentenced to nine to 20 years imprisonment on the armed robbery conviction, two to five years imprisonment on the concealed weapon conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2003. Following sentencing, Petitioner moved to withdraw his plea and correct the judgment. The trial court conducted a hearing and subsequently amended Petitioner's judgment to reflect that the concealed weapon sentence was

Dockets.Justia.com

concurrent, but denied his plea withdrawal request. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Schweiger*, No. 258873 (Mich. Ct. App. Jan. 6, 2005). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Schweiger*, 474 Mich. 881, 704 N.W.2d 466 (2005).

Petitioner dated the instant petition on January 9, 2007. In his pleadings, Petitioner asserts that he is entitled to habeas relief because defense counsel was ineffective during the plea process thereby rendering his plea involuntary.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA. According to the Court:

Under § 2254(d)(1), the writ may issue only if one of the following two

> conditions is satisfied – the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 411. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

Lastly, this Court presumes the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law, or it may be summarily dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *see also Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

Petitioner's sole claim on habeas review is that his plea was involuntary due to the ineffective assistance of defense counsel. Specifically, Petitioner asserts that counsel advised him that the low end of the guidelines, at which he would be sentenced in accordance with his plea agreement, would be 51 months imprisonment. Petitioner states that he pleaded guilty based upon counsel's erroneous advice. The trial court denied relief on this issue finding that the court had properly advised Petitioner on the sentencing consequences of his plea and he had not shown that counsel was ineffective. *See* Petition, Exh. C, Motion Tr. p. 22. The Michigan Court of Appeals denied Petitioner's leave to appeal for lack of merit, but did not specifically address this issue. Accordingly, this Court must conduct an independent review of the state court's decision. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law,

4

or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. This independent review "is not a full, *de novo* review, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id*.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing and voluntary. Petitioner has some college education with technical training and was 24 years old at the time of his plea. There is no evidence in the record of any mental or psychological problems which would have impaired his ability to understand his criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court informed Petitioner of the maximum sentences he faced. The court further informed Petitioner that he would be sentenced

at the low end of the guidelines as determined by the court in accordance with his plea agreement. Petitioner stated that he was pleading guilty of his own free will and had not been coerced or threatened. He also indicated that no promises, other than those contained in the plea agreement, had been made to induce him to plead guilty. *See* Petition, Exh. H, Plea Tr. pp. 5-11.

Petitioner's assertion that he was his plea was not knowing and voluntary is belied by the record. As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Having carefully reviewed the record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary.

Petitioner asserts that defense counsel was ineffective for misadvising him as to sentencing. The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner

6

must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

Petitioner has not shown that defense counsel misadvised him. Moreover, even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos*, 170 F.3d at 565; *see also Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004). Consequently, a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the plea does not provide grounds for habeas relief when the trial court conducts a proper plea colloquy. *Id.*; *see also Curry v. United States*, 39 Fed. Appx. 993, 994 (6th Cir. 2002); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669-70 (E.D. Mich. 2002). The record shows that the trial court properly informed Petitioner about the sentencing consequences of his plea and that the court would sentence him at the low end of the sentencing guideline range in accordance with the plea agreement. Significantly, the trial court informed Petitioner that the court would be the final determiner of the sentencing guidelines and

that those guidelines could be higher than what he had previously been told. The court further informed Petitioner that he would not be able to withdraw his plea if the court stayed within the guidelines even if Petitioner may have an understanding that those guidelines were different. *See* Petition, Exh. H, Plea Tr. pp. 9-10. The court made no further promises to Petitioner at the time of the plea. Given these circumstances, Petitioner has failed to show that defense counsel was ineffective and/or that he was prejudiced by counsel's advice so as to render his plea involuntary. The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. Habeas relief is not warranted.

IV.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim raised in his petition. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 19, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 19, 2007.

S/Carol A. Pinegar
Deputy Clerk