UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY LAWRENCE SCHWEIGER,

                    Petitioner,

                                     CASE NO. 2:07-CV-10176

v.                                  HONORABLE VICTORIA A. ROBERTS

MILLICENT WARREN,

                    Respondent.

_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner has filed a notice of appeal concerning this Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254.  Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537

U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

As discussed in this Court's dismissal order, Petitioner has not shown that his plea was involuntary under the standard set forth in *Brady v. United States*, 397 U.S. 742, 748-55 (1970). He has not presented evidence to contradict the statements in the plea transcripts nor offered corroborating evidence to support his assertion that he was misled about his plea. The record reveals that the trial court informed Petitioner of the consequences of his plea. The fact that Petitioner hoped for more lenient treatment does not render his plea unknowing or involuntary. *Id*. at 757; *see also Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Petitioner has also not established that trial counsel was ineffective under *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985), and *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The record does not support Petitioner's claim that counsel misadvised him. Moreover, the trial court's plea colloquy cured any misunderstandings Petitioner may have had about his plea. *See Ramos*, 170 F.3d at 565.

The Court thus concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

     **IT IS SO ORDERED.**

                                   **S/Victoria A. Roberts**
                                   **Victoria A. Roberts**
                                   **United States District Judge**

**Dated:  March 20, 2007**

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 20, 2007.

S/Carol A. Pinegar

Deputy Clerk